IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GONZALO ANAYA,

    Plaintiff,

v.                                                          No. 1:22-cv-00435-KWR-JFR

ELIAS RAEL, CITY OF LAS VEGAS,
ANTHONY ROBINSON, and
THE STATE OF NEW MEXICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Rule 41 Motion to Dismiss Federal Claims and for Order Remanding Case to State Court (**Doc. 24**). The State Defendants (The State of New Mexico and Anthony Robinson) oppose the motion. The City Defendants do not oppose the motion. **Doc. 24 at 3.** Having reviewed the pleadings and applicable law, the Court finds that the motion is **WELL-TAKEN**, and therefore, is **GRANTED**. The Court will **DENY WITHOUT PREJUDICE AS MOOT** the following motions:

- Defendant Anthony Robinson's Motion for Partial Summary Judgment: Dismissal of Plaintiff's Fourth Amendment Illegal Search and Seizure Claim and Fourth Amendment Excessive Force Claim Based on the Application of Qualified Immunity (Doc. 21);

- Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of Robinson's Motion for Partial Summary Judgment Based on the Application of Qualified Immunity (Doc. 23); and

- Plaintiff's Motion for Order summarily Denying Defendant's Motion for Partial Summary Judgment and Motion for Protective Order, or In the Alternative, for Extension of Time for Plaintiff to Respond (Doc. 25).

The federal claims are dismissed without prejudice, and the remaining state law claims are remanded to the Fourth Judicial District Court, San Miguel County, New Mexico. The dismissal without prejudice is subject to the condition in footnote 1 below, based on a representation Plaintiff made to the Court.

## BACKGROUND

Plaintiff filed this case in New Mexico state court on May 3, 2022, asserting constitutional claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act.

Plaintiff alleged the following claims in his complaint:

Count I: Illegal Search and Seizure in Violation of the Fourth Amendment against Individual Defendants;

Count II: Excessive Force in violation of the Fourth Amendment against Individual Defendants; and

Count III: State law Negligence and Tort Claims against All Defendants.

On June 8, 2022, Defendants removed this case to this court on the basis of federal question jurisdiction. **Doc. 1**.

The parties filed a joint status report, and on July 29, 2022 the Court entered an order adopting the joint status report, setting several deadlines, including the following:

- Discovery due by January 25, 2023;
- Dispositive pretrial motions due February 24, 2023; and
- Plaintiff's amendment to pleadings due August 29, 2022.

**Doc. 18 at 2-3.**

Plaintiff discussed with Defendants dismissing the federal claims and remanding this case to state court.

On August 24, 2022, Defendant Anthony Robinson filed a motion for partial summary judgment on the federal claims. **Doc. 21.**

Plaintiff now seeks to voluntarily dismiss the federal claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and remand the remaining state law claims. **Doc. 24.**

## DISCUSSION

**I.      Court will dismiss federal claims without prejudice.**

Under Rule 41(a)(2), once a defendant files either an answer or a motion for summary judgment, "a plaintiff may voluntarily dismiss an action only upon order of the court." *See Ohlander v. Larson*, 114 F.3d 1531, 1536–37 (10th Cir. 1997); Fed. R. Civ. P. 41(a)(2). The purpose of the rule is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir. 1993) (internal quotations omitted). Thus, when considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* (internal quotations omitted).

To evaluate legal prejudice, relevant factors the Court should consider include: "1) the opposing party's effort and expense in preparing for trial; 2) excessive delay and lack of due diligence on the part of the movant; 3) insufficient explanation of the need for a dismissal; and 4) the present stage of the litigation." *See Rippetoe v. Taos Living Ctr.*, No. 12-CV-0646 JAP-LFG, 2013 WL 12138880, at *2 (D.N.M. Jan. 8, 2013); *Ohlander*, 114 F.3d at 1536. "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Ohlander*, 114

F.3d at 1537.  The factors are not exclusive and "[a]ny other relevant factors should come into the district court's equation" when deciding a motion under Rule 41(a)(2). *Ohlander*, 114 F.3d at 1537. A district court is "obligated to consider the novelty of the circumstances surrounding th[e] case." *Id.*

Additionally, the Court must "consider the equities not only facing the defendant, but also those facing the plaintiff," and must "endeavor to insure substantial justice is accorded to both parties."  *Id.*  However, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

### A. Defendants are not prejudiced by alleged loss of removal right.

Defendants argue they would lose the right to remove their case a second time if Plaintiff re-asserted his federal claims in an amended complaint in state court.  Not only is this concern speculative, but the Court finds it is unfounded.  Plaintiff agrees that Defendants would have the right to remove this case if he amended his complaint in state court to assert federal claims.  Based on the argument and record currently before the Court, it appears that Defendants would have a right to remove this case again if Plaintiff amended his complaint in state court to assert federal claims again.  Upon reviewing 28 US.C. § 1446, "there is no language in the statute that bars a second removal, and the Court can find no cases prohibiting a second removal in circumstances such as these." *Griego v. Yamamoto*, No. CV 09-900 JH/RLP, 2010 WL 11623352, at *2 (D.N.M. Apr. 23, 2010) (where Plaintiff sought to dismiss federal claims and remand remaining state law claims to state court, district court found no authority precluding defendants from removing case if Plaintiff pled federal claims again in state court), *citing Fritzlen v. Boatmen's Bank*, 212 U.S.

364, 372 (1909) (permitting a second removal where events after remand of the case showed fraudulent joinder of a party to defeat federal diversity jurisdiction: "[I]t is not open to controversy that if, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause."); *In re Diet Drugs*, 282 F.3d 220, 232 n. 8 (3rd Cir. 2002) (the removal statute does not categorically prohibit the filing of a second notice of removal following remand, if subsequent pleadings, or conduct by the parties, or various other circumstances bring a case that was not previously removable within the removal jurisdiction of the federal courts); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.") (citing *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974) ); *One Sylvan Road North Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62, 63 (D. Conn. 1995) ("the fact that a case was initially removed and remanded does not itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.... By adding the second paragraph of § 1446(b), Congress intended that a party be permitted successive removals" [emphasis added] [citations and quotations omitted] ). Here, the Court believes that if Plaintiff files an *amended complaint* in state court asserting federal claims, Defendants would have the right to remove based on the new, amended complaint. *Griego v. Yamamoto*, No. CV 09-900 JH/RLP, 2010 WL 11623352, at *2 (D.N.M. Apr. 23, 2010).

Moreover, Plaintiff represents in a filing to the court that he has no intention of re-asserting federal claims, absent some "major unforeseen factual development." **Doc. 28 at 3.** Plaintiff's counsel represents that "as an officer of the court, that plaintiff has no intention of re-asserting federal claims at a later date." **Doc. 28 at 3.**[1] *O'Bryan v. Chandler* holds that a defendant may not remove a case a second time "on the same grounds." 496 F.2d 403 (10th Cir. 1974). "First, the plaintiff must voluntarily amend his state court complaint after an order of remand has been entered." *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974). "Second, the voluntary action of the plaintiff in amending his state complaint must set forth a ground for removal that appears for the first time." *Id.* In other words, a second notice of removal cannot allege the "same grounds" for removal as the first notice of removal. *Id.* "The legal phrase 'same grounds' ... does not mean the same cause of action or theory of recovery." *Id.* "Stated oppositely different grounds more precisely mean a different set of facts that state a new ground for removal." *Id.* If Plaintiff asserted an amended complaint with new facts, Defendants could clearly remove the case again.

Alternatively, even if the right to remove the case a second time were in doubt, the Court finds that this does not constitute legal prejudice precluding dismissal under the totality of the circumstances. The Tenth Circuit has concluded that re-filing a case in state court, and the loss of a federal forum, does not constitute *per se* prejudice precluding a voluntary dismissal. "Prejudice does not automatically result to defendant from the filing of a second law suit. The

---

[1] Plaintiff also asserts in a reply brief that if he were to "re-assert federal claims in the state court (which he has no intention of doing), this subsequent amendment would qualify as a subsequent pleading which would result in a change of circumstances from the original order to remand." **Doc. 28 at 4.** Said differently, Plaintiff will not oppose a later removal on the basis that the claims were already removed and remanded. Plaintiff's counsel has made this representation to the Court in the reply brief "as an officer of the court". *Id.* **at 3-4**. Therefore, the Court relies on this representation and finds it is appropriate to add as a condition to the dismissal that Plaintiff will not oppose removal on the basis that the claims were already removed and remanded. Fed. R. Civ. P. 41(a)(2) (court may grant dismissal subject to terms and conditions). This condition does not guarantee removal, as removal may not be appropriate for other reasons. Rather, it is designed to cure Defendants' alleged form of prejudice, i.e., the alleged statutory prohibition on removing a case a second time "on the same ground." §1446(b)(3).

possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved. Thus, there is no legal prejudice to defendant even if a trial is held in state court." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). "Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action. Thus, it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court." *Id.* at 1413.

Therefore, the Court concludes that Defendants are not losing a "right to remove" their case a second time, and alternatively, the loss of a federal forum does not constitute per se prejudice requiring the Court to deny the motion to dismiss.

**B.     Factors weigh in favor of dismissing federal claims without prejudice.**

The Court evaluates the totality of the circumstances and the relevant factors as follows. First, the Defendants' effort and expense in litigating the federal claims do not weigh in favor of denying the motion to voluntarily dismiss. Defendants primarily argue that the claims should be dismissed with prejudice because they already filed a motion for summary judgment and expended time and resources in litigating the federal claims.[2] The Court notes that it is still within its discretion to dismiss a case without prejudice even if a motion for summary judgment is filed. Fed. R. Civ. P. 41(a)(2). Defendants diligently filed a motion for summary judgment exceptionally early in a case of this complexity, approximately two months after it was removed from state court. The Court appreciates diligent and fast work by the parties to resolve cases. The Court recognizes that Defendants may have desired to file the motion in order to stay discovery on the federal claims.

---

[2] To be clear, Defendants do not argue that the Court is required to rule on the motion for qualified immunity in lieu of granting a voluntary dismissal, or that the fact a qualified immunity motion was filed, means that a voluntary dismissal must be with prejudice. Rather, Defendants focus on the fact that he has already spent time and energy filing a summary judgment motion. This Court generally does not address issues which are not briefed before it.

7

However, the record reflects that Plaintiff's counsel apparently spoke with defense counsel regarding dismissing the federal claims "several weeks" before the motion for summary judgment was filed. **Doc. 26-1, Ex. A, at 3.** Under the specific circumstances of this case, the Court finds that the fact a motion for summary judgment was filed does not constitute legal prejudice precluding voluntary dismissal of the federal claims without prejudice. This case was removed on June 8, 2022, only a couple months before the summary judgment motion was filed on August 24, 2022. Plaintiff sought to dismiss the federal claims soon after this case was removed. Plaintiff filed this motion to dismiss before his deadline to amend his complaint, and well before discovery and pretrial motions deadlines. Therefore, the fact that Defendants filed a comparatively early motion for summary judgment before Plaintiff moved to dismiss the claims does not constitute "legal prejudice" precluding dismissal.

Second, Plaintiff did not delay in moving to dismiss the federal claims, and Plaintiff acted diligently. This case was removed on June 8, 2022 and Plaintiff moved to dismiss these claims on August 26, 2022. This was before any scheduling deadlines passed. To the extent relevant, Plaintiff's motion will not cause delay, but will expedite resolution of the case by avoiding a lengthy dispositive motions practice on claims he does not seek to pursue.

Third, Plaintiff sufficiently explained the need for a dismissal. Plaintiff has determined at this early stage that he does not wish to pursue his federal claims, and seeks to pursue only state law claims. Plaintiff generally has the right to decide which claims to assert, and where only state law claims remain, a non-diverse case usually *should* be in state court. Plaintiff does not believe federal claims are appropriate, and wishes to solely pursue state law claims. Defendants suggest that Plaintiff may reinstate federal claims again in state court. The Court finds this speculative, and Plaintiff agreed that he would not oppose removal if that happened. Even if Plaintiff were

8

attempting to defeat federal jurisdiction, the Court finds that this does not constitute prejudice under the specific circumstances of this case to warrant denying the voluntary dismissal. *See Am. Nat. Bank*, 931 F.2d at 1412; *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005); *see also Johnson v. Pharmacia & Upjohn Co.*, 192 F.R.D. 226, 228 (W.D. Mich. 1999) ("[T]he overwhelming majority of cases that have considered the issue have held that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to a defendant."). Moreover, as recited by Defendants, Plaintiff's counsel noted:

> I understand your concern. I have no intention of pursuing federal claims after conducting discovery in the state court case, nor would I ever argue that your client has waived its right to remove if I did assert such claims at a later date. However, I think agreeing to dismiss claims that haven't ever been litigated or developed, with prejudice, would be contrary to my duties to my client. So, I'll file our motion asking either the federal claims, or the entire case to be dismissed without prejudice.

**Doc. 26 at 3** (Defense response, quoting email from Alexandra Jones to Luis Robles, dated Aug. 26, 2022).

Fourth, as explained in detail above, the stage of litigation warrants dismissal without prejudice. This case is still in its early proceedings, especially for a case of this type and complexity. This motion was filed on August 26, 2022, closely after this case was removed on June 8, 2022. At the time the motion was filed, no scheduling deadlines had passed.

**II.** <u>**Court declines to award Defendants attorneys' fees.**</u>

Rule 41(a)(2) gives a court the discretion "to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" *See Am. Nat. Bank*, 931 F.2d at 1412. "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Id.* Costs or fees may be awarded as a condition of dismissal where the plaintiff plans to refile the suit. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse

9

the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him.").

Generally, "the attorney's fees awarded upon voluntary dismissal without prejudice should not include expenses for research, discovery, and legal arguments that will be useful in the other suit." *See Rippetoe v. Taos Living Ctr.*, No. 12-CV-0646 JAP-LFG, 2013 WL 12335250, at *2 (D.N.M. Feb. 7, 2013); *Johnson*, 192 F.R.D. at 229 (finding that "only those fees representing work that could not be used in subsequent litigation on the same claims should be awarded"); *Gonzales v. City of Topeka Kansas*, 206 F.R.D. 280, 283 (D. Kan. 2001) ("[T]he court 'cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily.'").

Here, it appears that initial discovery has occurred. The Court cannot conclude based on the record before it that the discovery would not be useful for the state law claims.

Moreover, while Plaintiff was discussing dismissing the federal claims, Defendants filed a summary judgment motion early on in this case. The Court recognizes that Defendants may have filed this motion for summary judgment early to assert qualified immunity to stay discovery on the federal claims. However, considering all circumstances and equitable considerations, the Court finds that attorneys' fees are not appropriate here.

### III. Court declines to exercise supplemental jurisdiction over state law claims and will instead remand the case.

Plaintiff moves to remand the remaining state law claims if the Court grants his request to dismiss the federal claims. If the federal claims are dismissed, Defendants do not appear to object to remanding this case.

Generally, a federal district court should decline to exercise supplemental jurisdiction over a state law claim if it has dismissed all claims over which it has original jurisdiction. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L.Ed.2d 720 (1988) If federal claims are dismissed before trial, leaving only issues of state law, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010), *abrogated on other grounds by Torres v. Madrid*, ⎯⎯ U.S. ⎯⎯, 141 S. Ct. 989, 209 L.Ed.2d 190 (2021). The decision to exercise supplement jurisdiction is guided by several factors, including whether (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. ¶ 1367(c). Normally, "notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995). Thus, the "most common response" in these circumstances is to effect a remand. *Id.* Defendants do not appear to oppose remand. Considering these factors, and noting that all federal claims have been dismissed without prejudice, the Court declines to exercise supplemental jurisdiction. The Court will therefore remand the remaining state law claims to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss (**Doc. 24**) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), subject to the condition identified above in footnote 1.

**IT IS FURTHER ORDERED** that the remaining motions **(Docs. 21, 23, 25)** are **DENIED WITHOUT PREJUDICE AS MOOT.**

**IT IS FINALLY ORDERED** that the remaining state law claims in this case are remanded to the Fourth Judicial District, San Miguel County, New Mexico.

A separate judgment will issue.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**